UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 ------------------------------------------------------------------ X
EDWIN ROMERO,
DENISE WELLINGTON,
MOSHIN AHMAD,
DAWN M. ALEXANDER,
ANDREW AMIR,
STANLEY ANDRE,
WAI AUNG,                                            Index No. 19 Civ. 0694
GARY BACCHUS,
KHEMRAJ BAICHAN,
ANGELA BONNETTE,                           **COLLECTIVE AND CLASS**
DAVID CALLISON,                               **ACTION COMPLAINT_____**
DAVID CARTY,
SHAOMING CHANG,                           **DEMAND FOR JURY TRIAL**
NEAL CHERNAKOFF,
GERARD P. CORNET,
JOHANNY CRUZ,
LESTER CUMBERBATCH,
NOEL DALAL,
HOWARD G. DALEY, JR.,
LESTER DANIELS,
GARY DESIMONE,
DANIEL DIAZ,
RAYMOND DOLAN,
DENNIS DONOVAN,
FRANK ESTES,
CHARLES M. FRIERSON,
ROBERT GONZALEZ, JR.,
ARKADIY GRIMBERG,
EDWIN GUTIERREZ,
DILWAR HASSAM,
JUAN HERNANDEZ,
OWEN HEWITT,
BENJAMIN JAMES,
JANICE JOE,
ANDREW JONES,
GLADIS JOSEPH,
JOHNNY JUE,
TREVOR JULIAN,
ALEXANDER KALIKA,
ISAAC F. LAPINIG,
GREGORY LAU,
FREDERICK LAVEN,
MANLUNG LEE,
PAMELA LEE,

BASIM LOUIS,
ANVAER LUDMILA,
JIN QIANG LUO,
CARL MAGNO,
ALEXANDER MARTIN,
ALEXANDER J. MATLOSZ,
RODERICK MCKRIETH,
T. MILERSON,
WAJHEE MOHAMMED,
GERARD N. NARDO,
TODD J. NELSON,
GINO J. OROLOGIO,
OSWALDO PALOMINO,
NATASHA PARRIS,
JAYSON PAYNE,
MICHAEL QUINN,
BEVERLYN RICHARDS,
JEANETTE RIVERA,
FIONE ROBE,
SOPHIA ROBERTS,
GERARD MAX ROGER,
PAUL ROMANO,
NORMAN RUBI,
TERRANCE RUSSELL,
JOSE ANTONIO SANTIAGO,
DONAVON SIMONETTE,
MAHADEO SINGH,
JOHN STANTYOS,
DORIAN STEWART,
YOLANDA TABB,
GUY TAIEB,
DONNA THOMPSON,
DEXTER H. TYRRELL,
WENDY TZUO,
THEARA WASHINGTON,
VERONDERLETTE WHITFIELD,
JITHENDRA J. YOGARASA,
SUKKYUN YOON,
JIASI ZHU,
IRENE THOMAS,
JUDITH CHARLES,
AMELIA LEE,
MICHAEL CASTRO,
THOMAS SCOURTOS,
JENNIFER BELLO,
BARBARA BROOKS,
LATEYA DAIMAGE,

MYRNA ARCHER,
AVILIO MIESES,
NITHIMA CHAKKRIJRATANA,
CHRISTOPHE BLANCHARD,
THOMAS GERACI,
FEONYUKKUEN MOK,
ASHRAF ABDELKADER,
EBTESAM AFIFY,
JULIAN DAVID BAUTISTA-ROJAS,
KEITH BEST,
WAYNE MUNRO,
SHANNA PATTERSON,
DIANE SHIELDS,
ADA IRIS CUEVAS,
TRACEY HENDERSON,
RENEE GRIFFITH,
TANYA BRAND-JONES,
JOHN SCIOTTO,
RUCHITA ACHARYA,
YVETTE ANDERSON,
DARLEEN BELL,
JOANNE BROOME,
AMINATA CHARLES, and
LOREN CHAUHAN,

                                      Plaintiffs,

On behalf of a class of employees employed with the
Manhattan and Bronx Surface Transit Operating
Authority, MTA Bus Company, and MTA Headquarters,

                                      vs.

MANHATTAN AND BRONX SURFACE TRANSIT
OPERATING AUTHORITY, MTA BUS COMPANY,
and MTA HEADQUARTERS,

                                      Defendants.
------------------------------------------------------------------- X

        Plaintiffs by their undersigned attorneys, for their Complaint against Defendants, allege

as follows:

## INTRODUCTION

1.      Plaintiffs are current employees of three subsidiary entities of the Metropolitan Transportation Authority ("MTA"):  the Manhattan and Bronx Surface Transit Operating Authority ("MABSTOA"), the MTA Bus Company ("MTA Bus"), and the MTA Headquarters ("MTAHQ").  Each is a separate authority or public operation wholly controlled by the MTA with interchangeable operations.  None is an exempt employee under Sections 13(a)(1) and /or 13(a)(17) of the Fair Labor Standards Act ("FLSA").  This lawsuit, which is, in part, an FLSA collective action, and, in part, a class action under various constitutional and statutory provisions, seeks to address two issues:

        a.      the failure to pay overtime after 40 hours of work, as required by the FLSA, 29 U.S.C. § 216(b), and Section 134 of the New York Civil Service Law, Section 142-2.2 of the New York Code of Rules and Regulations ("NYCRR"); and

        b.      the failure on the part of Defendants to compensate their employees at the same level as another MTA subsidiary, which has employees doing the same or substantially similar work, to wit, the New York City Transit Authority ("NYCTA"), a violation of the Equal Protection Clauses of the U.S. Constitution and the New York State Constitution.

2.      Plaintiffs seek declaratory relief, lost wages, and all other relief allowed under Federal and State law.

## JURISDICTION AND VENUE

3.      The jurisdiction of this Court is invoked pursuant to Section 16 of the FLSA, 29 U.S.C. § 216 (b), 42 U.S.C. § 1983, and Sections 1331 and 1367 of Title 28 of the United States Code.  This Court's pendent jurisdiction is also invoked.

## PARTIES

4.      Plaintiff Edwin Romero is and has been employed by Defendant MABSTOA as a Computer Specialist IV since on or about 2010.

5.      Plaintiff Denise Wellington is and has been employed by Defendant MABSTOA as a Computer Associate II since on or about 2009.

6.      Plaintiff Moshin Ahmad is and has been employed by Defendant MABSTOA as a Telecom Associate (voice) 2 since on or about June 1, 2015.

7.      Plaintiff Dawn M. Alexander is and has been employed by Defendant MABSTOA as a Computer Associate (Oper) III since on or about May 4, 2015.

8.      Plaintiff Andrew Amir is and has been employed by Defendant MABSTOA as a Assistant Budget Chief since on or about August 1, 2000.

9.      Plaintiff Stanley Andre is and has been employed by Defendant MABSTOA as a Computer Specialist since on or about November 1, 1999.

10.      Plaintiff Wai Aung is and has been employed by Defendant MABSTOA as a Computer Associate III since on or about September 11, 2000.

11.      Plaintiff Gary Bacchus is and has been employed by Defendant MABSTOA as a Telecom Associate III since on or about May 15, 2006.

12.      Plaintiff Khemraj Baichan is and has been employed by Defendant MABSTOA as a Computer Specialist since on or about March 17, 2008.

13.      Plaintiff Angela Bonnette is and has been employed by Defendant MABSTOA as a Associate Staff Analyst since on or about May 1, 2000.

14.      Plaintiff David Callison is and has been employed by Defendant MABSTOA as a Computer Specialist (SW) III since on or about August 12, 2002.

15.     Plaintiff David Carty is and has been employed by Defendant MABSTOA as a Computer Specialist since on or about June 23, 2005.

16.     Plaintiff Shaoming Chang is and has been employed by Defendant MABSTOA as a Computer Specialist since on or about July 4, 2005.

17.     Plaintiff Neal Chernakoff is and has been employed by Defendant MABSTOA as a Telecom Associate III since on or about December 1, 2008.

18.     Plaintiff Gerard P. Cornet is and has been employed by Defendant MABSTOA as a Tech. Inf. Eng. Specialist II since on or about November 10, 2008.

19.     Plaintiff Johanny Cruz is and has been employed by Defendant MABSTOA as a Computer Specialist since on or about February 1, 2001.

20.     Plaintiff Lester Cumberbatch is and has been employed by Defendant MABSTOA as a Telecom Specialist I since on or about October 1, 2014.

21.     Plaintiff Noel Dalal is and has been employed by Defendant MABSTOA as a Computer Specialist III at all times relevant to this lawsuit.

22.     Plaintiff Howard G. Daley, Jr. is and has been employed by Defendant MABSTOA as a Tech Infra Eng Sec Lvl 6 (Computer Specialist (SW) III) at all times relevant to this lawsuit.

23.     Plaintiff Lester Daniels is and has been employed by Defendant MABSTOA as a Associate Staff Analyst at all times relevant to this lawsuit.

24.     Plaintiff Gary DeSimone is and has been employed by Defendant MABSTOA as a Computer Specialist II (SW) since on or about 2008 or 2009.

25.     Plaintiff Daniel Diaz is and has been employed by Defendant MABSTOA as a Computer Specialist IV since on or about October 10, 1983.

26.     Plaintiff Raymond Dolan is and has been employed by Defendant MABSTOA as a Telecom Associate III since on or about May 9, 2016.

27.     Plaintiff Dennis Donovan is and has been employed by Defendant MABSTOA as a Telecom Specialist since on or about August 1, 2006.

28.     Plaintiff Frank Estes is and has been employed by Defendant MABSTOA as a Telecom Specialist since on or about January 7, 2007.

29.     Plaintiff Charles M. Frierson is and has been employed by Defendant MABSTOA as a Computer Specialist I (Software) since on or about July 31, 1989.

30.     Plaintiff Robert Gonzalez, Jr. is and has been employed by Defendant MABSTOA as a Computer Specialist II since on or about March 24, 2017.

31.     Plaintiff Arkadiy Grimberg is and has been employed by Defendant MABSTOA as a Tech Infra Eng Sec Lvl 7 since on or about July 14, 2008.

32.     Plaintiff Edwin Gutierrez is and has been employed by Defendant MABSTOA as a Computer Associate (Software) III at all times relevant to this lawsuit.

33.     Plaintiff Dilwar Hassam is and has been employed by Defendant MABSTOA as a Computer Specialist IV since on or about April 23, 2001.

34.     Plaintiff Juan Hernandez is and has been employed by Defendant MABSTOA as a Computer Specialist (Software) Level II at all times relevant to this lawsuit.

35.     Plaintiff Owen Hewitt is and has been employed by Defendant MABSTOA as a Computer Specialist since on or about September 19, 2005.

36.     Plaintiff Benjamin James is and has been employed by Defendant MABSTOA as a Computer Specialist IV since on or about August 23, 1999.

37.     Plaintiff Janice Joe is and has been employed by Defendant MABSTOA as a Computer Specialist IV since on or about June 1, 2014.

38.    Plaintiff Andrew Jones is and has been employed by Defendant MABSTOA as a Telecom Associate Data III since on or about November 18, 2013.

39.    Plaintiff Gladis Joseph is and has been employed by Defendant MABSTOA as a Computer Specialist III at all times relevant to this lawsuit.

40.    Plaintiff Johnny Jue is and has been employed by Defendant MABSTOA as a Computer Specialist since on or about July 26, 1982.

41.    Plaintiff Trevor Julian is and has been employed by Defendant MABSTOA as a Associate Staff Analyst since on or about April 12, 2004.

42.    Plaintiff Alexander Kalika is and has been employed by Defendant MABSTOA as a Tech Infra Eng Sec Lvl 6 since on or about October 26, 2009.

43.    Plaintiff Isaac F. Lapinig is and has been employed by Defendant MABSTOA as a Computer Associate (Operations) III Rep since on or about November 2, 2009.

44.    Plaintiff Gregory Lau is and has been employed by Defendant MABSTOA as a Telecom Specialist since on or about November 10, 2014.

45.    Plaintiff Frederick Laven is and has been employed by Defendant MABSTOA as a Computer Associate (Operations) II since on or about Fall 2011.

46.    Plaintiff Manlung Lee is and has been employed by Defendant MABSTOA as a Computer Specialist (Software) Level IV since on or about June 1, 2006.

47.    Plaintiff Pamela Lee is and has been employed by Defendant MABSTOA as a Computer Specialist IV since on or about April 1, 2013.

48.    Plaintiff Basim Louis is and has been employed by Defendant MABSTOA as a Computer Associate since on or about October 26, 2009.

49.    Plaintiff Anvaer Ludmila is and has been employed by Defendant MABSTOA as a Computer Specialist Operations since on or about June 24, 2013.

50.    Plaintiff Jin Qiang Luo is and has been employed by Defendant MABSTOA as a Computer Specialist III since on or about October 4, 1999.

51.    Plaintiff Carl Magno is and has been employed by Defendant MABSTOA as a Associate Staff Analyst since on or about October 1, 2007.

52.    Plaintiff Alexander Martin is and has been employed by Defendant MABSTOA as a Computer Specialist I at all times relevant to this lawsuit.

53.    Plaintiff Alexander J. Matlosz is and has been employed by Defendant MABSTOA as a Computer Specialist IV since on or about July 5, 2005.

54.    Plaintiff Roderick McKrieth is and has been employed by Defendant MABSTOA as a Computer Specialist IV at all times relevant to this lawsuit.

55.    Plaintiff T. Milerson is and has been employed by Defendant MABSTOA as a Staff Analyst II since on or about June 30, 2005.

56.    Plaintiff Wajhee Mohammed is and has been employed by Defendant MABSTOA as a Computer Specialist III since on or about February 8, 2010.

57.    Plaintiff Gerard N. Nardo is and has been employed by Defendant MABSTOA as a Computer Specialist IV since on or about June 27, 2005.

58.    Plaintiff Todd J. Nelson is and has been employed by Defendant MABSTOA as a Computer Associate (SW) II since on or about January 1, 2013.

59.    Plaintiff Gino J. Orologio is and has been employed by Defendant MABSTOA as a Computer Specialist III since on or about August 1, 2016.

60.    Plaintiff Oswaldo Palomino is and has been employed by Defendant MABSTOA as a Computer Associate III since on or about June 1, 1998.

61.    Plaintiff Natasha Parris is and has been employed by Defendant MABSTOA as a Computer Specialist since on or about September 1, 2016.

62.     Plaintiff Jayson Payne is and has been employed by Defendant MABSTOA as a Telecom Associate III since on or about July 23, 2007.

63.     Plaintiff Michael Quinn is and has been employed by Defendant MABSTOA as a Computer Specialist (SW) II at all times relevant to this lawsuit.

64.     Plaintiff Beverlyn Richards is and has been employed by Defendant MABSTOA as a Computer Associate III since on or about Not Sure.

65.     Plaintiff Jeanette Rivera is and has been employed by Defendant MABSTOA as a Computer Associate III since on or about September 1, 1997.

66.     Plaintiff Fione Robe is and has been employed by Defendant MABSTOA as a Computer Specialist (SW) II at all times relevant to this lawsuit.

67.     Plaintiff Sophia Roberts is and has been employed by Defendant MABSTOA as a Computer Associate since on or about June 30, 2005.

68.     Plaintiff Gerard Max Roger is and has been employed by Defendant MABSTOA as a Computer Specialist II since on or about December 20, 2013.

69.     Plaintiff Paul Romano is and has been employed by Defendant MABSTOA as a Telcom Associate since on or about December 20, 2015.

70.     Plaintiff Norman Rubi is and has been employed by Defendant MABSTOA as a Computer Specialist IV since on or about August 1, 2001.

71.     Plaintiff Terrance Russell is and has been employed by Defendant MABSTOA as a Telecom Specialist since on or about January 22, 2007.

72.     Plaintiff Jose Antonio Santiago is and has been employed by Defendant MABSTOA as a Computer Associate Tech Support II since on or about August 20, 2001.

73.     Plaintiff Donavon Simonette is and has been employed by Defendant MABSTOA as a MTAIT Support at all times relevant to this lawsuit.

74.     Plaintiff Mahadeo Singh is and has been employed by Defendant MABSTOA as a Telecom Specialist since on or about December 1, 2014.

75.     Plaintiff John Stantyos is and has been employed by Defendant MABSTOA as a Computer Specialist (SW) IV (Tech Infra Eng Sec Lvl 5) since on or about July 1, 2015.

76.     Plaintiff Dorian Stewart is and has been employed by Defendant MABSTOA as a Computer Associate III since on or about November 16, 1998.

77.     Plaintiff Yolanda Tabb is and has been employed by Defendant MABSTOA as a Associate Staff Analyst since on or about June 28, 2005.

78.     Plaintiff Guy Taieb is and has been employed by Defendant MABSTOA as a Computer Associate (SW) I since on or about November 1, 1993.

79.     Plaintiff Donna Thompson is and has been employed by Defendant MABSTOA as a Computer Specialist (SW) III since on or about June 22, 2005.

80.     Plaintiff Dexter H. Tyrrell is and has been employed by Defendant MABSTOA as a Computer Specialist III since on or about December 30, 2008.

81.     Plaintiff Wendy Tzuo is and has been employed by Defendant MABSTOA as a Computer Specialist III since on or about August 1, 1998.

82.     Plaintiff Theara Washington is and has been employed by Defendant MABSTOA as a Pick Support Rep, C.A. III since on or about October 1, 2004.

83.     Plaintiff Veronderlette Whitfield is and has been employed by Defendant MABSTOA as a Computer Specialist III since on or about July 5, 2005.

84.     Plaintiff Jithendra J. Yogarasa is and has been employed by Defendant MABSTOA as a Telecom Specialist II (Data) since on or about April 18, 2016.

85.     Plaintiff Sukkyun Yoon is and has been employed by Defendant MABSTOA as a Computer Specialist IV since on or about February 1, 2008.

86.    Plaintiff Jiasi Zhu is and has been employed by Defendant MABSTOA as a Computer Specialist IV since on or about September 26, 2017.

87.    Plaintiff Irene Thomas is and has been employed by Defendant MABSTOA as a Staff Analyst since on or about June 27, 2005.

88.    Plaintiff Ruchita Acharya is and at all relevant times has been employed by Defendant MABSTOA as an Associate Staff Analyst.

89.    Plaintiff Yvette Anderson is and at all relevant times has been employed by Defendant MABSTOA as an Associate Staff Analyst.

90.    Plaintiff Darleen Bell is and at all relevant times has been employed by Defendant MABSTOA as a Staff Analyst II.

91.    Plaintiff Joanne Broome is and at all relevant times has been employed by Defendant MABSTOA as a Staff Analyst Trainee.

92.    Plaintiff Aminata Charles is and at all relevant times has been employed by Defendant MABSTOA as a Staff Analyst Trainee.

93.    Plaintiff Loren Chauhan is and at all relevant times has been employed by Defendant MABSTOA as an Associate Trans. Management Analyst.

94.    Plaintiff Judith Charles is and at all relevant times has been employed by Defendant MTA Bus as Senior Analyst.

95.    Plaintiff Amelia Lee is and at all relevant times has been employed by Defendant MTA Bus as a Computer Associate III.

96.    Plaintiff Michael Castro is and at all relevant times has been employed by Defendant MTA Bus as a Computer Associate III.

97.    Plaintiff Thomas Scourtos is and at all relevant times has been employed by Defendant MTA Bus as a Computer Associate III.

98.     Plaintiff Jennifer Bello is and at all relevant times has been employed by Defendant MTA Bus as an Administrative Assistant.

99.     Plaintiff Barbara Brooks is and at all relevant times has been employed by Defendant MTA Bus as an Administrative Assistant.

100.    Plaintiff Lateya DaImage is and at all relevant times has been employed by Defendant MTA Bus as an Administrative Assistant.

101.    Plaintiff Myrna Archer is and at all relevant times has been employed by Defendant MTA Bus as an Analyst.

102.    Plaintiff Avilio Mieses is and at all relevant times has been employed by Defendant MTA Bus as an Architect II.

103.    Plaintiff Nithima Chakkrijratana is and at all relevant times has been employed by Defendant MTA Bus as an Assistant Analyst.

104.    Plaintiff Christophe Blanchard is and at all relevant times has been employed by Defendant MTA Bus as an Associate Project Manager.

105.    Plaintiff Thomas Geraci is and at all relevant times has been employed by Defendant MTA Bus as an Assistant Budget Chief.

106.    Plaintiff Feonyukkuen Mok is and at all relevant times has been employed by Defendant MTA Bus as an Assistant Budget Chief.

107.    Plaintiff Ashraf Abdelkader is and at all relevant times has been employed by Defendant MTA Bus as a Project Manager.

108.    Plaintiff Ebtesam Afify is and at all relevant times has been employed by Defendant MTA Bus as a Project Manager.

109.    Plaintiff Julian David Bautista-Rojas is and at all relevant times has been employed by Defendant MTA Bus as a Principal Transportation Planner.

13

110.    Plaintiff Keith Best is and at all relevant times has been employed by Defendant MTA Bus as a Computer Associate I.

111.    Plaintiff Wayne Munro is and at all relevant times has been employed by Defendant MTA Bus as a Senior Analyst.

112.    Plaintiff Shanna Patterson is and at all relevant times has been employed by Defendant MTA Bus as a Senior Analyst.

113.    Plaintiff Diane Shields is and at all relevant times has been employed by Defendant MTA Bus as a Senior Administrative Associate.

114.    Plaintiff Ada Iris Cuevas is and at all relevant times has been employed by Defendant MABSTOA as an Associate Transit Customer Service Specialist I.

115.    Plaintiff Tracey Henderson is and at all relevant times has been employed by Defendant MABSTOA as an Associate Transit Customer Service Specialist I.

116.    Plaintiff Renee Griffith is and at all relevant times has been employed by Defendant MABSTOA as an Associate Transit Customer Service Specialist II.

117.    Plaintiff Tanya Brand-Jones is and at all relevant times has been employed by Defendant MABSTOA as an Associate Transit Customer Service Specialist II.

118.    Plaintiff John Sciotto is and at all relevant times has been employed by Defendant MTAHQ as a Technical Infrastructure Engineer Specialist-Level 4.

119.    All Plaintiffs are/were "employees" within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1), and Section 190(2) of the New York Labor Law.  All Plaintiffs have consented to becoming plaintiffs in the FLSA collective action.  See Exhibit A.

120.    Plaintiffs bring this action on behalf of themselves and all other similarly situated employees who work or have worked for Defendant at all times material herein.

121.    Defendant MABSTOA is a public authority established in 1962 under the Public Authorities Law.  It was created to take over the bus services of two bankrupt private companies in the Bronx and Manhattan, and to employ bus operators and mechanics, who are not Civil Service employees.  Over the last 20 years, as part of an unlawful scheme to avoid the Civil Service Laws and various union contracts, it began hiring employees in computer-related and analyst positions which actually work on NYCTA issues.  In all but the most limited ways, MABSTOA is wholly merged with the NYCTA.  MABSTOA is a public agency amenable to suit under the FLSA (see 29 U.S.C. § 203(x)).  It is headquartered at 2 Broadway, New York, New York 10004.

122.    Defendant MTA Bus Company is a public benefit corporation, a wholly owned subsidiary of the MTA created to operate bus routes formerly operated by six now defunct private bus companies headquartered in the Bronx, Brooklyn, and Queens.  MTA Bus is a public agency amenable to suit under the FLSA (see 29 U.S.C. § 203(x)).  It is headquartered at 2 Broadway, New York, New York 10004.

123.    Defendant MTA Headquarters is a public benefit corporation, a wholly owned subsidiary of the MTA created to handle various administrative functions of the MTA.  MTAHQ is a public agency amenable to suit under the FLSA (see 29 U.S.C. § 203(x)).  Its principal office is located at 2 Broadway, New York, New York 10004.

## CLASS ACTION ALLEGATIONS

124.    Plaintiffs bring their Federal Equal Protection and state law constitutional and New York State statutory causes of action on behalf of a class of similarly situated employees, to wit:

      a.    Class One (the "State Law Overtime Class"):  Non-exempt employees of MABSTOA, MTA Bus, and MTAHQ who within the last six years were not paid overtime,

despite having worked more than 40 hours in a week, or the "spread" required by New York Law, and

b.    Class Two (the "Equal Protection Class"):  Employees of MABSTOA, MTA Bus, and MTAHQ who were paid less than employees working for the NYCTA and who performed substantially the same work.

125.    A class action is appropriate because:

a.    each class is so numerous that joinder of all members is impracticable;

b.    there are questions of law or fact common to each class;

c.    the claims or defenses of the representative parties are typical of the claims or defenses of each class;

d.    the representative parties will fairly and adequately protect the interests of each class;

e.    inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the parties opposing each class;

f.    adjudications with respect to individual members of each class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; and

g.    the parties opposing each class have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to each class as a whole.

## COLLECTIVE ACTION ALLEGATIONS

126.    The proposed collection class includes all employees in Plaintiffs' titles, and related titles, who worked for a Defendant during the three years prior to the filing of this

lawsuit, who worked in excess of 40 hours per week, and who were not paid overtime at a rate of one and one-half times their regular hourly rate of pay.

## FACTS RELEVANT TO ALL CLAIMS

## OVERTIME

127.    Plaintiffs at all times material herein have been, employed by one of the Defendants, in the position noted in paragraphs 4–118, above.

128.    Within the last six years and continuing to date, while working in a position on behalf of one or more of the Defendants, each Plaintiff's job duties have included work not exempt from the requirements of either FLSA Section 13(a)(1) or 13(a)(17), the Computer-Related Occupation Exemption.  These duties have included:

   a. administering, supporting, and maintaining software-based computer instrumentation systems (Computer Specialist II).

   b. installing and performing minor repairs to software, hardware, and peripheral equipment (Computer Specialist II).

   c. monitoring the NYC Transit Sonet/ATM network for alarms and outages (Telecom Assoc. III).

   d. working as a system administrator and analyzing/troubleshooting software and hardware problems, coding (Computer Specialist III).

   e. data gathering and validation, field installation, support for new systems, reviewing/overseeing and/or executing test procedures (Computer Specialist I).

   f. administering and maintaining applications, databases, and security (Computer Specialist II).

   g. management of the installation, inspection, and close-out of the help-point system for all 472 NYC Transit stations (Telecommunications Specialist).

       h.      providing technical support for NAS systems-related matters and ongoing maintenance support, troubleshooting, and management of HP and NetApp storage provisioning (Tech Infra Engineering Sec. Level 6 and Level 7).

       i.      providing tech support for the NYCTA Network Operations Command Center (Computer Associate Tech Support II).

       j.      providing on-call support for all MTA agencies' IT (Computer Specialist 3).

       k.      configuring and troubleshooting Border Router, McAfee Intrushield, and Network Access Control (Computer Specialist).

       l.      supporting VHF Radio Upgrade, analyzing and installing equipment involved in Beacon Train Arrival System, coordinating and installing cable (Telecommunications Associate Data 3).

       m.      reviewing and manipulating data and creating databases (Associate Staff Analyst, Staff Analyst, Staff Analyst Trainee I and II).

       n.      supervising Transit Customer Service Specialists who provide travel information and resolve passenger complaints (Associate Transit Customer Service Specialist I and II).

129.    During numerous weeks within the last six years, Plaintiffs and all others similarly situated have been required to work, during various weeks, in excess of 40 hours per week.

130.    During the weeks that Plaintiffs, and all others similarly situated, have been scheduled to work 40 or more hours, Defendants have paid Plaintiffs, and all others similarly situated, straight time for all hours worked in excess of 40 during the workweek, instead of time-and-a-half.

**UNEQUAL PAY**

131.     Defendants MABSTOA, MTA Bus, and MTAHQ all have employees who do substantially similar work, in the same titles, on projects that may relate to their agency or another MTA subsidiary agency, including the NYC Transit Authority ("NYCTA").  At various times over the last 15 to 20 years, the MTA has moved job titles and/or job functions from one subsidiary agency to the other for various reasons.  These reasons include (a) a desire to have fewer employees covered by union contracts, (b) an effort to avoid Civil Service procedures and protections, (c) the avoidance of pension benefits being controlled by the NYC Employees Retirement System, and (d) because without union and Civil Service restrictions it can pay less for substantially the same work.

132.     In fact, as part of this process, Defendants have hired employees with the same or similar job titles utilizing the same postings, listing different minimum and maximum pay rates for employees doing exactly the same jobs in the same titles.  See, for example, the job postings annexed as Exhibit B.  In the past 18 months, employees hired in response to these job postings have been hired into MTAHQ, given the responsibilities of NYCTA and MABSTOA employees, paid at the MABSTOA rate, and have been denied the right to participate in a pension plan.

133.     Set forth below are the minimum and maximum pay rates, as of December 1, 2017, of employees in Plaintiffs' job titles, compared to the pay rate of similarly situated employees in NYCTA and MABSTOA.

| Job Title | TA Min | TA Max | OA Min | OA Max |
|---|---|---|---|---|
| Staff Analyst Trainee I | $ 46,171 | $ 48,938 | $ 43,474 | $ 46,082 |
| Staff Analyst Trainee II | $ 49,864 | $ 55,406 | $ 46,955 | $ 52,170 |
| Staff Analyst I | $ 58,934 | $ 69,771 | $ 55,493 | $ 65,696 |
| Staff Analyst II | $ 68,430 | $ 76,213 | $ 64,433 | $ 71,762 |
| Assoc Staff Analyst | $ 77,356 | $100,155 | $ 72,835 | $ 94,307 |
| Assistant Transit Man.t Analyst I | $ 56,603 | $ 67,010 | $ 56,603 | $ 67,010 |

| | | | | |
|---|---|---|---|---|
| Assistant Transit Man. Analyst II | $ 65,722 | $ 73,197 | $ 65,722 | $ 73,197 |
| Assoc. Transit Man. Analyst III | $ 74,292 | $ 96,193 | $ 74,292 | $ 96,193 |
| Computer Aide I | $ 43,881 | $ 49,394 | $ 43,162 | $ 48,583 |
| Computer Associate (SW) 1 | $ 71,294 | $ 85,943 | $ 70,123 | $ 84,533 |
| Computer Associate (SW) 2 | $ 76,764 | $ 92,908 | $ 75,504 | $ 91,381 |
| Computer Associate (SW) 3 | $ 81,986 | $104,364 | $ 80,641 | $102,652 |
| Computer Associate (TS) I | $ 55,582 | $ 70,375 | $ 53,690 | $ 67,979 |
| Computer Associate (TS) II | $ 66,676 | $ 85,174 | $ 64,407 | $ 82,275 |
| Computer Associate (TS) III | $ 79,570 | $106,270 | $ 76,864 | $102,652 |
| Computer Associate (Op) I | $ 54,846 | $ 69,413 | $ 53,946 | $ 68,352 |
| Computer Associate (Op) II | $ 65,806 | $ 85,529 | $ 64,726 | $ 83,858 |
| Computer Associate (Op) III | $ 78,532 | $104,364 | $ 77,244 | $102,652 |
| Computer Specialist (SW) 1 | $ 89,722 | $ 97,295 | $ 86,288 | $ 93,520 |
| Computer Specialist (SW) 2 | $ 93,524 | $104,770 | $ 89,894 | $100,704 |
| Computer Specialist (SW) 3 | $100,997 | $113,940 | $ 97,076 | $109,517 |
| Computer Specialist (SW) 4 | $108,344 | $130,458 | $104,139 | $125,396 |
| Computer Specialist (Op) 1 | $ 89,722 | $ 97,295 | $ 86,288 | $ 93,520 |
| Computer Specialist (Op) 2 | $ 93,524 | $104,770 | $ 89,894 | $100,704 |
| Computer Specialist (Op) 3 | $100,997 | $113,940 | $ 97,076 | $109,517 |
| Computer Specialist (Op) 4 | $108,344 | $130,458 | $104,139 | $125,396 |
| Assoc. Transit Cust. Srv. Spec. II | $ 70,486 | $ 87,823 | $ 59,230 | $ 76,827 |
| Telecom Assoc I (Voice) | $ 47,540 | $ 71,859 | $ 45,694 | $ 69,070 |
| Telecom Assoc II (Voice) | $ 66,334 | $ 86,232 | $ 63,759 | $ 82,884 |
| Telecom Assoc III (Voice) | $ 71,287 | $ 86,232 | $ 68,520 | $ 82,884 |

As is apparent, the employees hired into NYCTA make about 5% per year more than similarly situated employees in MABSTOA.

134.    There is no rational basis related to a legitimate governmental interest for paying Plaintiffs, and the class they represent, lesser compensation than Defendants pay to other employees performing the same duties in the same locality who work for the NYCTA.  This classification rests on a ground wholly irrelevant to the achievement of a valid governmental objective and treats persons similarly situated differently under the law.

## AS AND FOR A FIRST CAUSE OF ACTION

**FAILURE TO COMPLY WITH THE REQUIREMENT OF
THE FAIR LABOR STANDARDS ACT THAT OVERTIME
BE PAID AT THE RATE OF ONE AND ONE-HALF TIMES
THE PLAINTIFF'S REGULAR RATES OF PAY AND
INSTEAD COMPENSATING PLAINTIFF WITH STRAIGHT
TIME FOR HOURS WORKED IN EXCESS OF FORTY**

**(FLSA Overtime Collective Action)**

135.    Plaintiffs hereby incorporate by reference paragraphs 1 through 130 above in their entirety and restate them herein.

136.    During the times that Plaintiffs and others similarly situated have worked in excess of 40 hours in a week, Defendants have compensated work time at only the straight time rate.

137.    Section 7(a) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a)(1), provides that employees shall be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per work week.

138.    Defendants have violated, and at least with respect to some Plaintiffs and some class members, continue to violate 29 U.S.C. § 207(a)(1) by failing and refusing to compensate Plaintiffs and other similarly situated employees at a rate of not less than one and one-half times the regular rate at which the Plaintiffs and those similarly situated are employed in workweeks in which Plaintiffs and those similarly situated work forty (40) or more hours per week.

139.    Defendants' violations of the FLSA have been done in a willful and bad-faith manner.

140.    As a result of the Defendants' willful and purposeful violations of the FLSA, there has become due and owing to the Plaintiffs, and those similarly situated, an amount that has not yet been precisely determined.  The employment and work records for the Plaintiffs are in

the exclusive possession, custody, and control of Defendants and the Plaintiffs are unable to state at this time the exact amount owing to them, but from these payroll records, Plaintiffs will be able to ascertain the precise extent of these violations of section 7(a) of the FLSA, 29 U.S.C. § 207(a). Defendants are under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the Plaintiffs and other employees similarly situated from which the amount of Defendants' liability can be ascertained.

141.    Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover liquidated damages in an amount equal to their backpay damages for the Defendants' failure to pay overtime compensation.

142.    Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION

**FAILURE TO COMPLY WITH THE REQUIREMENT OF SECTION 134 OF THE NEW YORK CIVIL SERVICE LAW AND SECTION 142-2.2 OF THE NYCRR THAT OVERTIME BE PAID AT THE RATE OF ONE AND ONE-HALF TIMES THE PLAINTIFF'S REGULAR RATES OF PAY AND INSTEAD COMPENSATING PLAINTIFF WITH STRAIGHT TIME FOR HOURS WORKED IN EXCESS OF FORTY**

**(N.Y. State Labor Law Overtime Class Action)**

143.    Plaintiffs hereby incorporate by reference paragraphs 1 through 142 above in their entirety, and restate them herein.

144.    Section 134 of the N.Y. State Civil Service Law requires that N.Y. State employees receive overtime compensation for the hours worked in excess of 40 in a week at one and one-half times the hourly rate of pay received by such employees in their regular position, unless they are exempt from overtime pay under the FLSA.

145.    Section 142-2.2 of the N.Y. Code of Rules and Regulations requires that all employers pay employees overtime (to wit, for hours worked in excess of 40 in one week) at a wage rate of one and one-half times the employees' regular rate of pay, subject to the exemptions of the FLSA.

146.    Pursuant to New York Civil Service Section 134 and Section 142-2.2 of the NYCRR, Defendants are liable to Plaintiffs in the amount of compensation they were entitled to receive but were, in fact, not paid, because Defendants failed to pay Plaintiffs and the class they represent at one and one-half times their regular rate of pay for each hour they worked in excess of 40 during a workweek, plus liquidated damages equal to 100 percent of the total amount of the wages found to be due.

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>

**FAILURE TO COMPLY WITH THE N.Y. STATE
LABOR LAW REQUIREMENT THAT A
SPREAD OF HOURS FOR EACH DAY
<u>WORKED MORE THAN TEN HOURS BE PAID</u>**

**(N.Y. State Labor Overtime Spread of Hours Class Action)**

147.    Plaintiffs hereby incorporate by reference paragraphs 1 through 146 above in their entirety, and restate them herein.

148.    Pursuant to New York Labor Law §§ 198 and 650 *et seq.*, and New York Compilation of Codes, Rules and Regulations, Title 12, Section 142-2.4, Defendants are liable to Plaintiffs and the class they represent in the amount of the required daily spread-of-hours compensation, for each day they worked more than ten hours, plus liquidated damages equal to 100 percent of the total amount of the wages found to be due.

## AS AND FOR A FOURTH CAUSE OF ACTION

**UNEQUAL PAYMENT OF WAGES A DIFFERENT
LEVEL FOR THE SAME WORK WITHOUT A
LEGITIMATE GOVERNMENTAL PURPOSE**

**(Fourteenth Amendment Equal Protection Clause Class Action)**

149.    Plaintiffs hereby incorporate by reference paragraphs 1 through 148 above in their entirety, and restate them herein.

150.    The aforedescribed compensation scheme serves no legitimate governmental purpose and therefore violates the Fourteenth Amendment Equal Protection Clause of the Untied States Constitution.  As a consequence, Defendants are liable to Plaintiffs and their class in a sum equal to the difference in pay between their pay rate and the pay rate of an employee with an equivalent title and/or job responsibilities in NYCTA over the six years prior to the filing of this lawsuit.

## AS AND FOR A FIFTH CAUSE OF ACTION

**UNEQUAL PAYMENT OF WAGES A DIFFERENT LEVEL FOR THE SAME
WORK WITHOUT A LEGITIMATE GOVERNMENTAL PURPOSE**

**(N.Y. State Constitution Equal Protection Class Action)**

151.    Plaintiffs hereby incorporate by reference paragraphs 1 through 150 above in their entirety, and restate them herein.

152.    The aforedescribed compensation scheme serves no legitimate governmental purpose and therefore violates the Equal Protection Clause of the New York State Constitution. As a consequence, Defendants are liable to Plaintiffs and their class in a sum equal to the difference in pay between their pay rate and the pay rate of an employee with an equivalent title and/or job responsibilities in NYCTA over the six years prior to the filing of this lawsuit.

**TRIAL BY JURY**

153.    Plaintiffs request a trial by jury on all claims asserted herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court:

154.    Certify Plaintiffs as representatives of a class of persons similarly situated for litigation of the federal Equal Protection/Fourteenth Amendment and state law overtime and State Constitutional claims;

155.    Enter such orders as are necessary to certify this case as a collective action under the Fair Labor Standards Act;

156.    Order Defendants to make a complete accounting to Plaintiffs of the hours that they worked on a weekly basis and of all payments Plaintiffs received in compensation for the six-year period preceding the commencement of this action, and the sums paid to NYCTA employees with the same titles and/or job responsibilities;

157.    Order Defendants to pay to Plaintiffs all unpaid wages due and owing because of Defendants' failure to compensate Plaintiffs at a rate of time and one-half their regular rate of compensation for each hour worked in excess of 40 during each workweek for the six years prior to the filing of this action;

158.    Order Defendants to pay liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b), Labor Law §§ 198 and 663, and any other applicable statute, rule, or regulation;

159.    Order Defendants to pay Plaintiffs the difference between the wages they were paid and the wages paid to employees of the New York City Transit Authority with the same job titles and/or the same job responsibilities for the six years prior to the filing of this action;

160.    Order Defendants to pay Plaintiffs' reasonable attorneys' fees, costs, and applicable prejudgment interest; and

161.    Grant Plaintiffs such other and further relief as the Court deems proper and just.


Dated: New York, New York
       January 24, 2019


                                        ADVOCATES FOR JUSTICE
                                        CHARTERED ATTONEYS
                                        *Attorneys for Plaintiffs*

                                        By:_____/s/_____
                                            Arthur Z. Schwartz (AZS-2683)
                                               Richard Soto (RS-9661)
                                        225 Broadway, Suite 1902
                                        New York, New York 10007
                                        (212) 285-1400