USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 2-6-20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWIN ROMERO, ET AL.,

        Plaintiffs,

   - against -

METROPOLITAN TRANSPORTATION
AUTHORITY, ET AL.,

        Defendants.

19-cv-0694 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

By **February 12, 2020,** the parties should submit letters to the Court explaining the answer to the following questions. The parties may reply by **February 18, 2020.**

1. What is the proper standard for a motion to dismiss an equal protection claim based on rational basis review? See e.g., Progressive Credit Union v. City of New York, 889 F.3d 40 (2d Cir. 2018); Fangfang Xu v. Cissna, No. 19CV2584, 2020 WL 240839, at *10-11 (S.D.N.Y. Jan. 16, 2020).

2. Have the plaintiffs alleged that the group of MTAHQ and MABSTOA employees are prima facie identical to the group of NYCTA employees that the plaintiffs compare their compensation ranges to? If so, why?

3. Have the defendants articulated a legitimate government purpose as a rational basis for the distinction? If so, what is it?

4. To what extent may the Court consider, on a motion to dismiss, that different histories of collective bargaining negotiations and wage freezes existed? How does this comport with the statement of the Second Circuit Court of Appeals in Progressive that "[a] court is not confined to the particular rational or irrational purposes that may have been raised in the pleadings[?]" 889 F.3d at 50.

5. What facts pleaded in the complaint, if any, "overcome the presumption of rationality that applies to government classifications[?]" Progressive, 889 F.3d at 49-50.

**SO ORDERED.**

**Dated:** **New York, New York**
**February 5, 2020**

John G. Koeltl
United States District Judge